104 F.3d 367
 97 CJ C.A.R. 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Allan R. CRUMP and Shirley A. Crump, Debtors,
Allan R. CRUMP, Shirley A. Crump, Appellants,
v.
INTERNAL REVENUE SERVICE, Michael Pippin, Judy Pippin, Appellees.
 No. 96-1157.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1996.
 
 Before ANDERSON, LOGAN and MURPHY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Debtors Allan R. Crump and Shirley A. Crump appeal the decision of the district court affirming the United States Bankruptcy Court's denial of their application for a show cause order against appellees Michael Pippin and Judy Pippin.[1] Debtors requested, inter alia, that the bankruptcy court order appellees to show cause why they should not be held in contempt for violating the automatic stay provision of 11 U.S.C. § 362 by attempting to gain possession of property that the Internal Revenue Service seized from debtors and sold to appellees. Debtors asked the court to order appellees to pay exemplary damages, to cease attempts to obtain possession of the property, and other relief. The bankruptcy court found that because debtors sought declaratory, injunctive and monetary relief, they were required under Bankruptcy Rule 7001 to bring their claim as an adversary proceeding.
 
 
 3
 We have reviewed the briefs and the record and are satisfied that the district court accurately summarized the facts and correctly applied the law. We cannot add significantly to the analysis of the district court in its Order and Memorandum of Decision of March 28, 1996, and therefore AFFIRM for substantially the reasons stated therein.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 The judgment appealed from also involved the district court's affirmance of the bankruptcy court's order denying in part debtors' objection to the Internal Revenue Service's proof of claim. Debtors do not raise the proof of claim issue in their briefs on appeal; thus they have waived any allegation of error as to that decision